UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS
SPRINGFIELD DISTRICT

CATHERINE WATTS AND )
ROBERT WATTS, )
    Plaintiffs, )
)
V. ) CIVIL ACTION NO. 05-30153-MAP
)
KELLY O. MARTIN AND )
WERNER ENTERPRISES, )
    Defendants. )

### ANSWER OF DEFENDANT, WERNER ENTERPRISES, THE TRUE NAME OF WHICH IS WERNER ENTERPRISES, INC. TO PLAINTIFFS' COMPLAINT AND JURY DEMAND

1. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 1 of Plaintiffs' Complaint.

2. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4. Defendant denies the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 5 of Plaintiffs' Complaint.

6. Defendant admits the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 8 of Plaintiffs' Complaint.

9. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

## COUNT I

11. Defendant incorporates by reference herein its responses to Paragraphs 1 through 10, inclusive, as if set forth here in full.

12. Defendant denies the allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of Plaintiffs' Complaint.

## COUNT II

14. Defendant incorporates by reference herein its responses to Paragraphs 1 through 10, inclusive, as if set forth here in full.

15. Defendant denies the allegations contained in Paragraph 15 of Plaintiffs' Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of Plaintiffs' Complaint.

## COUNT III

17. Defendant incorporates by reference herein its responses to Paragraphs 1 through 10, inclusive, as if set forth here in full.

18. Defendant denies the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

## COUNT IV

19. Defendant incorporates by reference herein its responses to Paragraphs 1 through 10, inclusive, as if set forth here in full.

20. Defendant denies the allegations contained in Paragraph 20 of Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

1. The injuries complained of were caused in whole or in part by some third party for whom defendant is not legally responsible.

2. The injuries complained of were caused in whole or in part by the negligence of the plaintiff.

3. There is an insufficiency of process and/or an insufficiency of service of process and the complaint should be dismissed.

4. The plaintiff has misnamed the defendant and the complaint should be dismissed.

5. The court lacks jurisdiction over the subject matter of the plaintiff's complaint and therefore the action must be dismissed.

6. The defendant is immune from liability pursuant to the provisions of M. G. L. ch. 90, §34M and §34O and ch. 231, §6D.

7. The injuries or damages alleged were caused in whole or in part by the violation of the Plaintiff of the various statutes, ordinances and regulations governing the conduct of the parties at the time said injury or damages were sustained.

DEFENDANT DEMANDS A TRIAL BY JURY ON ALL ISSUES.

**CERTIFICATE OF SERVICE**
I hereby certify that on this day a true copy of the within document was served upon the attorney of record for each party by mail/hand.

DATED: July 25, 2005

DEFENDANT,
By its Attorney,

Robert J. Murphy, BBO#363760
MURPHY & RILEY, P.C.
141 Tremont Street
Boston, MA 02111
(617) 423-3700