UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05-30153-MAP

| | |
|---|---|
| Catherine Watts and Robert Watts<br>　　　Plaintiffs | )<br>)<br>) |
| v. | )<br>) |
| Kelly O. Martin and Werner Enterprises,<br>　　　Defendants. | )<br>)<br>) |

## JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1(D)

This is a negligence action in which the plaintiff, Catherine Watts, alleges she sustained injuries her neck and back as a result of an automobile accident on February 1, 2005, in Springfield, Massachusetts. Plaintiff alleges the defendant, Kelly O. Martin, was negligent in operating the vehicle causing a collision with the plaintiff's vehicle. Plaintiff alleges the defendant, Werner Enterprises, was negligent by and through the acts of its employee, Kelly O. Martin. The plaintiff, Robert Watts, alleges a claim for the loss of his wife's consortium and for medical expenses incurred for the care and treatment of his wife's injuries.

Defendants, have denied that they were negligent in any way. Plaintiff and defendant have demanded a trial by jury.

Pursuant to Local Rule 16.1(D), plaintiff and defendant have conferred through their respective counsel and now submit the following joint statement for approval by the Court.

1. Pursuant to Fed.R.Civ.P. 26(f), a meeting was held via telephone between counsel for the plaintiffs, Thomas M. Libbos with the Law Offices of Thomas M. Libbos, P.C. and counsel for the defendant, Robert Murphy.

2. Pre-Discovery Disclosures

   The parties will exchange by October 15, 2005, the information required by Fed.R.Civ.P. 26(a)(1).

3. Discovery Plan

   The parties jointly propose to the court the following discovery plan:

   a. Discovery will be needed as to liability and damages. The parties have discussed phased discovery but feel it will not be helpful in this case.

   b. All non-expert discovery commenced in time to be completed by March 1, 2006. The first set of interrogatories and requests for production must be served by November 1, 2005.

   c. Maximum of 30 interrogatories by Plaintiffs to Defendants. Responses will be due forty-five (45) days after service.

    d. Maximum of 30 requests for admission by Plaintiffs to Defendants. Responses due thirty (30) days after service. Requests should also be served no later than 90 days prior to the date set for trial.

    e. The parties agree to the maximum number of depositions per party under the Federal Rules of Civil Procedure.

    f. The parties have agreed to a maximum of one seven-hour day for each deposition.

    g. The parties agree to depositions of home office employees of Werner Enterprises shall take place at the home office.

    h. Reports from retained experts under Rule 26(a) due from plaintiff by March 1, 2006, and from defendant by May 1, 2006.

    i. Supplementations regarding non-expert disclosures under Rule 26(e) due March 1, 2006.

    j. Independent Medical Evaluations should be completed by April 15, 2006. The plaintiff will voluntary agree to submit to the examination.

    k. Plaintiff agrees to execute authorizations to the defendant for copies of relevant medical records. Parties to discuss the specifics of the authorizations exchange in the future.

4. Other items

    a. The parties request a pretrial conference in May 2006.
    b. Plaintiff and Defendant should be allowed until November 1, 2005, to join additional parties and until December 1, 2005, to amend the pleadings.
    c. All potentially dispositive motions should be filed by March 1, 2006.
    d. Final lists or witnesses and exhibits under Rule 26(a)(3) should be due from plaintiff and defendant by the pre-trial conference.
    e. Parties should have ten (10) days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).
    f. The case should be ready for trial by June 2006 and at this time is expected to take approximately two (2) days.
    g. The parties are not willing at this time to assent to trial before a magistrate judge but will revisit the issue at the pre-trial conference .

Respectfully submitted,

Plaintiffs, Catherine Watts and
Robert Watts,
By Their Attorney,

_____
Thomas M. Libbos, Esq.
Law Offices of Thomas M. Libbos, P.C.
175 State Street, 5th Floor
Springfield, MA 01103
Telephone: (413) 731-5000
Facsimile: (413) 731-1985
BBO# 299080

Date: 9/15/05

Defendant, Werner Enterprises, Inc.,
By Its Attorney,

_____
Robert Murphy, Esq.
Murphy & Rilley, P.C.
141 Tremont Street
Boston, MA 02111
Telephone: (617) 423-3700
Facsimile: (617) 423-3750
BBO# 363760

Date: 9/15/05