## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS
## SPRINGFIELD DISTRICT

| | |
|---|---|
| **CATHERINE WATTS AND** | ) |
| **ROBERT WATTS,** | ) |
|     **Plaintiffs,** | ) |
| | ) |
| **V.** | ) **CIVIL ACTION NO. 05-30153-MAP** |
| | ) |
| **KELLY O. MARTIN AND** | ) |
| **WERNER ENTERPRISES,** | ) |
|     **Defendants.** | ) |


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL
DISCOVERY FROM LIBERTY MUTUAL INSURANCE COMPANY F.R.C.P. 37(a)
& EXTEND THE TIME TO CONDUCT DISCOVERY**


NOW COME the Defendants, Kelly O. Martin and Werner Enterprises, who

respectfully request that this Court allow their Motion for a Court Order compelling

Liberty Mutual Insurance Company to provide the personal injury and property damage

claim files for the claims made by the Plaintiffs following the subject accident, as well as

extending the time to complete discovery in this matter, including  depositions of the

parties in this action.

**FACTUAL BACKGROUND**

This matter arises out of a two vehicles accident occurring at approximately 7:45

a.m. on February 1, 2005 at the intersection of Boland Way and East Columbus Avenue,

Springfield, MA.  At that time a vehicle owned and operated by Plaintiff Catherine Watts

had contact with a truck owned by Werner Enterprises and operated by Kelly O. Martin.

The contact occurred as the vehicles were making a right hand turn alongside each other

from East Columbus Avenue to Boland Way.

Following this accident, Plaintiff brought the instant suit, premised upon Diversity of citizenship. In the complaint, Plaintiff Catherine seeks monetary damages for claimed personal injuries and lost earnings, and her husband, co-Plaintiff Robert Watts, has brought a claim of loss of consortium.

During the course of discovery Defendant Werner Enterprises learned that Plaintiff Catherine Watts filed personal injury and property damage claims with her insurance company, Liberty Mutual Insurance Company. Plaintiffs' counsel had provided our office with copies of correspondences to Liberty Mutual Insurance Company. These correspondences, some of which are attached hereto and made a part hereof as Exhibit "A," indicate Plaintiff Catherine Watts' personal injury claim included requests to pay her medical bills and for time she had been out of work. In addition, Werner Enterprises had been informed by Liberty Mutual Insurance Company that it had paid Catherine Watts for her claim of property damage to her vehicle.

## THE SOUGHT RECORDS ARE RELEAVNT AND NECESSARY TO DEFEND AGAINST PLAINTIFFS' SUIT

Rule 26(b)(1) of the Federal Rules of Civil Procedure allows parties to "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party ..."

The Defendants respectfully submit that records of Plaintiff Catherine Watts' property damage and personal injury claim records with Liberty Mutual Insurance Company are relevant to the issues presented in this matter. Specifically, property damage claim records would contain photographs of Plaintiff's vehicle post accident as well as estimates for the repair of same. These records are relevant to the issue of liability for the subject accident by indicating the point of impact with Plaintiff's vehicle.

Indeed, these records are needed in advance of conducting g Plaintiff Catherine Watts' deposition.

### PRIOR ATTEMPTS TO OBTAIN THE REQUESTED RECORDS

Defendants attempted to these insurance claim records from Liberty Mutual Insurance Company through a witness subpoena duces tecum served upon its Keeper of Records on October 21, 2005. A copy of this subpoena is attached hereto and made a part hereof as Exhibit "B." This subpoena specifically requested production of all records Plaintiff Catherine Watts' property damage and PIP (personal injury) claims for the subject accident of February 1, 2005. The subpoena listed a return date of November 1, 2005, at the offices of the undersigned in Boston Massachusetts. The subpoena further provided that the records could be provided at the above date and place in lieu of a personal appearance.

Moving Defendants respectfully submit that the subpoena was properly issued to Liberty Mutual Insurance Company. Said company is a Massachusetts Corporation with a principal place of business located at 175 Berkeley Street, Boston, MA 02116. As evidence of such reference is made to Exhibit "C," hereto a copy of the online records of the Secretary for the Commonwealth of Massachusetts.

In addition, the subpoena was sent to Liberty Mutual's New England Regional office located at 114 Turnpike Road, Suite 204, Westborough, MA 01581, the exact location Plaintiff's counsel had sent information relating to these claims. Reference is made the correspondences attached hereto as Exhibit "A," in which Plaintiff's counsel addressed repeated letters to a specific claims representative at this Westborough, Massachusetts address.

Accordingly, Defendants respectfully submit that the aforementioned subpoena was properly served upon a Massachusetts Corporation at its exact office where the sought records were kept.

Despite this, Liberty Mutual never responded to this subpoena.

Defendants had also requested that Plaintiff provide an authorization to obtain these records from Liberty Mutual. Such was ultimately provided by Plaintiff's counsel and mailed to Liberty Mutual on January 11, 2006. A copy of this authorization and letter is attached hereto and made a part hereof as Exhibit "D"

On January 25, 2006, the undersigned was contacted by Attorney Timothy Chopelas who represented that he is counsel for Liberty Mutual. Mr. Chopelas stated that the requested property damage and personal injury claim records would not be provided. In sum, Mr. Chopelas stated the records would not be provided as Liberty Mutual had filed its own subrogation action regarding this on January 9, 2006 at the Salem, Massachusetts District Court, the complaint for which had not been served. In addition, he stated that production would not be made for reasons set forth in a letter he had mailed me.

This letter, a copy of which is attached hereto and made a part hereof as Exhibit "E," sets out vague objections to the request one over-breadth and irrelevance grounds as well as stating the information, "could be privileged." Oddly, on page two, paragraph four, counsel directs Defendants to obtain the subject records "through proper discovery in the action in which Catherine Fisher Watts is the Plaintiff." On January 26, 2006, the undersigned contacted Mr. Chopelas, leaving a voice mail on his telephone extension requesting he contact the undersigned and advise whether would reconsider his position

or whether a motion before this Court would be necessary. To date, the undersigned has not received a response to this message.

### AN ORDER COMPELLING PRODUCTION PURSUANT TO F.R.C.P. 37(a) IS WARRANTED

Moving Defendants respectfully submit that the Court is empowered to issue an order compelling Liberty Mutual to provide Plaintiff's property damage and personal injury claim records for this subject accident under F.R.C.P. 37(a).

As set forth above, these records are relevant to Plaintiff Catherine Watts' claims, and Defendants' defenses in this action. These records were properly sought first via subpoena and then with a duly executed authorization from Catherine Watts. Despite these efforts, Liberty Mutual refuses to provide same. The requested records are needed by moving Defendants to properly defend against Plaintiff's suit, and particularly in advance of her deposition.

Notably, the objections raised by counsel for Liberty Mutual lack substance if not logic. Indeed, Liberty Mutual does not object on privilege grounds, but merely surmises the records "could be," privileged. Defendants respectfully submit that no valid reason has been put forth to prevent production of these records.

In addition, Defendants submit that Liberty Mutual has the burden of establishing a privilege exists so as to prevent disclosure. See, *Amica Mutual Insurance Company v. W.C. Bradley Co.*, 217 F.R.D. 79, 82-82 (D. Mass. 2003).

Where, as here the suit has been brought under Diversity of citizenship, the law of Massachusetts determines the existence and extent of the claimed privilege. *FDIC v. Ogden Corp.*, 202 F.3d 454, 460-461 (1st Cir. 2000).

Under Massachusetts law, insurance claim files relating to the underlying occurrence at issue in the litigation have been found to be specifically discoverable absent a showing from the objector of a valid privilege, i.e. work product or attorney client privileges. See, *Meszar v. Horan*, 10 Mass. L. Rep. 682 (Superior Ct. Worcester 1999); and *Vasquez v. Elco Administrative Services*, 14 Mass. L. Rep. 173; (Superior Court, Middlesex 2001). In addition, Federal Courts applying Massachusetts Law have found such claim records to be discoverable. See, *Pasteris v. Robillard*, 121 F.R.D. 18 (D. Mass. 1988); and *Amica Mutual Ins. Co. v. W.C. Bradley Co.*, 217 F.R.D. 79 (D. Mass. 2003).

Moving Defendants respectfully submit that, as Exhibit "E," hereto reveals, there are no such grounds that can be presented by Liberty Mutual. Accordingly, Defendants respectfully request an Order compelling Liberty Mutual to produce the property damage and personal injury claim records of Plaintiff Catherine Watts, to the undersigned firm by a date certain.

Attached hereto as Exhibit "F", is a proposed Order for the Court's execution.

### AN ORDER EXTENDING THE TIME TO COMPLETE DISCOVERY IS WARRANTED

Defendants respectfully submit that the aforementioned claim records relate directly to the issues of liability, claimed injuries and monetary damages raised by Plaintiff Catherine Watts. As such, obtaining these and particularly in advance of her deposition.

The Court's discovery Order provides that non-expert depositions are to be completed by March 1, 2006. In light of the Defendants' inability to obtain the aforementioned records previously, it is respectfully requested that such time for

depositions be extended beyond the date certain by which Liberty Mutual is to make production.

Accordingly, Defendants respectfully request that the discovery deadlines for conducting the parties' depositions be extended until forty-five (45) days after receipt of the aforementioned records from Liberty Mutual Insurance Company.

In addition, Defendants respectfully request an extension of the time within which to disclose expert witness information, conduct Independent Medical Examinations of the Plaintiff and conduct depositions of expert witnesses. These time frames are impacted by the refusal of Liberty Mutual to provide these records and the resulting delay in scheduling Plaintiff's depositions.

Accordingly, Defendants respectfully request the following extensions:

(a) Trial Experts Disclosure by 5/1/2006 and 7/1/2006 (post IME) {originally set for 3/1/0 & 5/1/06 (post IME)};

(b) Independent Medical examinations to be completed within forty-five days of Plaintiffs' depositions {originally set for 4/14/06};

(c) Expert Depositions to be completed by 9/19/2006 {originally set for 6/2/06}.

**DEFENDANTS RESPECTFULLY REQUEST A HEARING ON THIS MOTION.**

**WHEREFORE**, Defendants pray that this Honorable Court **ALLOW** this Motion to Compel and order Liberty Mutual Insurance Company to provide the property damage and personal injury claim records of Plaintiff Catherine Watts relating to the subject accident of 2/1/05, as well as extend the time within which to complete discovery in this matter, including party depositions and independent medical examinations, so that

such records can be received in advance of same, and award any other relief that justice

so requires.

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed
through the ECF system will be sent
electronically to the registered participants as
identified on the Notice of Electronic filing
(NEF) and paper copies will be sent to those
indicated as non-registered participants on
February 1, 2006.

DEFENDANTS,
By their Attorney,

Frank L. DePasquale, BBO#659399
MURPHY & RILEY, P.C.
141 Tremont Street
Boston, MA  02111
(617) 423-3700

**DATED:  February 1, 2006**

such records can be received in advance of same, and award any other relief that justice

so requires.

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed
through the ECF system will be sent
electronically to the registered participants as
identified on the Notice of Electronic filing
(NEF) and paper copies will be sent to those
indicated as non-registered participants on
February 1, 2006.

**DEFENDANTS,**
By their Attorney,

Frank L. DePasquale, BBO#659399
MURPHY & RILEY, P.C.
141 Tremont Street
Boston, MA 02111
(617) 423-3700

**DATED: February 1, 2006**

# Exhibit A

# LAW OFFICES OF THOMAS LIBBOS, P.C.

THOMAS LIBBOS, ATTORNEY AT LAW    KATHERINE LAMONDIA-WRINKLE, ATTORNEY AT LAW
F. BRUCE FERIN, PARALEGAL / ADMINISTRATOR

March 15, 2005

Liberty Mutual Insurance Company
Attn: Tammy Newkirk
114 Turnpike Road
Westborough, MA 01581

RE:     Your Insured:        Catherine Fisher
        Your Claim No:       LA179-5538451-03
        Date of Accident:    2/1/05
        Our Client:          Catherine (Fisher) Watts
        Our File No:         7543-1

Dear Ms. Newkirk:

Please be advised that this office represents the above named individual for injuries sustained as a result of an auto accident, which occurred on 2/1/05.

Enclosed please find the following:

- Medical Bill from AMR (d.o.s. 2/1/05), $406.00
- Ambulance Report from AMR (d.o.s. 2/1/05)
- Medical Records from Baystate Trauma (d.o.s. 2/28/05)

Kindly review and issue payment to the provider directly and issue all payments to this office at your earliest convenience.

If you have any further questions, feel free to contact me. Thank you for your time and attention to this matter.

Sincerely,

Thomas M. Libbos

TML/tc
Enclosures

175 STATE STREET, FIFTH FLOOR, SPRINGFIELD, MA 01103    PHONE: 413-731-5000    FAX: 413-731-1985

THOMAS LIBBOS, ATTORNEY AT LAW     KATHERINE LAMONDIA-WRINKLE, ATTORNEY AT LAW
F. BRUCE FERIN, PARALEGAL / ADMINISTRATOR

March 14, 2005

Liberty Mutual Insurance Company
Attn: Tammy Newkirk
114 Turnpike Road
Westboro, MA 01581

RE:     Your Insured:        Catherine Fisher
        Your Claim No:       LA179-5538451-03
        Date of Accident:    2/1/05
        Our Client:          Catherine (Fisher) Watts
        Our File No:         7543-1

Dear Ms. Newkirk:

Please be advised that this office represents the above named individual for injuries sustained as a result of an auto accident, which occurred on 2/1/05.

Enclosed please find the following:

- Office Notes from College Highway Medical Associates (d.o.s. 3/4/05)
- Medical Bill from Alliance Imaging (d.o.s. 2/9/05), $3,300.00

Kindly review and issue payment to the providers directly and issue all payments to this office at your earliest convenience.

If you have any further questions, feel free to contact me. Thank you for your time and attention to this matter.

Sincerely,

Thomas M. Libbos

TML/tc
Enclosures

**LAW OFFICES OF THOMAS LIBBOS, P.C.**

THOMAS LIBBOS, ATTORNEY AT LAW    KATHERINE LAMONDIA-WRINKLE, ATTORNEY AT LAW
F. BRUCE FERIN, PARALEGAL / ADMINISTRATOR

March 4, 2005

Liberty Mutual Insurance Company
Attn: Tammy Newkirk
114 Turnpike Road
Westborough, MA 01581

RE:    Your Insured:        Catherine Fisher
       Your Claim No:       LA179-5538451-03
       Date of Accident:    2/1/05
       Our Client:          Catherine (Fisher) Watts
       Our File No:         7543-1

Dear Ms. Newkirk:

Please be advised that this office represents the above named individual for injuries sustained as a result of an auto accident, which occurred on 2/1/05.

Enclosed please find the following:

- Attending Physician's Report
- Work Note dated 2/4/05

Kindly review and issue lost wage payment to client directly and forward all payments to this office at your earliest convenience.

If you have any further questions, feel free to contact me. Thank you for your time and attention to this matter.

Sincerely,

Thomas M. Libbos

TML/tc
Enclosures

# LAW OFFICES OF THOMAS LIBBOS, P.C.

THOMAS LIBBOS, ATTORNEY AT LAW    KATHERINE LAMONDIA-WRINKLE, ATTORNEY AT LAW
F. BRUCE FERIN, PARALEGAL / ADMINISTRATOR

February 28, 2005

Liberty Mutual Insurance Company
Attn: Tammy Newkirk
114 Turnpike Road
Westboro, MA 01581

RE:    Your Insured:    Catherine Fisher
        Your Claim No:    LA179-5538451-03
        Date of Accident:    2/1/05
        Our Client:    Catherine (Fisher) Watts
        Our File No:    7543-1

Dear Ms. Newkirk:

Please be advised that this office represents the above named individual for injuries sustained as a result of an auto accident, which occurred on 2/1/05.

Enclosed please find the following:

- Wage and Salary Verification Form
- Disability Work Note dated 2/1/05

Kindly review and issue a "buy back" of time lost to the client's employer directly and forward all payments to this office at your earliest convenience.

If you have any further questions, feel free to contact me. Thank you for your time and attention to this matter.

Sincerely,

Thomas M. Libbos

TML/tc
Enclosures

175 STATE STREET, FIFTH FLOOR, SPRINGFIELD, MA 01103    PHONE: 413-731-5000    FAX: 413-731-1985

Exhibit B

# United States District Court

DISTRICT OF
## MASSACHUSETTS

CATHERINE WATTS AND ROBERT WATTS

V.

KELLY O. MARTIN AND
WERNER ENTERPRISES, INC.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:  05-30453-MAP

TO:   Liberty Mutual Insurance Company
      114 Turnpike Road, Suite 204
      Westborough, MA  01581

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

### SEE ATTACHED SCHEDULE A

| PLACE | DATE AND TIME |
|---|---|
| Murphy & Riley, P.C. | November 1, 2005 |
| 141 Tremont Street | 2:30 p.m. |
| Boston, MA  02111 |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney For Defendants | October 13, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Robert J. Murphy, Esquire, Murphy & Riley, P.C., 141 Tremont Street,
Boston, MA  02111 - 617-423-3700

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

**Worcester County Sheriff's Office** • P.O. Box 1066 • Worcester, MA 01613 • (508) 752-1100

*Worcester, ss*

10/21/2005

I hereby certify and return that on 10/20/2005 at 12:10pm I served a true and attested copy of the Witness Subpoena, Schedule A, Certification of Records in this action in the following manner: To wit, by delivering in hand to ARLINE MAGUIRE, agent, person in charge at the time of service for LIBERTY MUTUAL INSURANCE COMPANY at 114 TURNPIKE RD, WESTBOROUGH, MA. Fees: Service 30.00, Travel 16.32, Conveyance 4.50, Attest 5.00 & Postage and Handling 1.00 & Witness Fee 14.00, Total fees: $70.82

Deputy Sheriff Ronald E Richard

*Ronald E Richard*

**Deputy Sheriff**

---

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS
SPRINGFIELD DISTRICT

CATHERINE WATTS AND          )
ROBERT WATTS,                )
     Plaintiffs,            )
                             )
V.                           )  CIVIL ACTION NO. 05-30153-MAP
                             )
KELLY O. MARTIN AND          )
WERNER ENTERPRISES,          )
     Defendants.           )

## NOTICE OF TAKING DEPOSITION UPON ORAL EXAMINATION

TO:   Thomas M. Libbos, Esquire
      175 State Street
      Springfield, MA 01103

     Please take notice that at **2:30 p.m. on Tuesday November 1, 2005**, at the offices of Robert J. Murphy, Esq., MURPHY & RILEY, P.C., 141 Tremont Street, Boston, Massachusetts 02111, the defendant Werner Enterprises in this action, by their attorneys will take the deposition upon oral examination of the **Keeper of Records, Liberty Mutual Insurance Company, 114 Turnpike Road, Suite 204, Westborough, MA 01581**, pursuant to the applicable provisions of the Federal Rules of Civil Procedure, before a Notary Public in and for the Commonwealth of Massachusetts, or before some other officer authorized by law to administer oaths. The oral examination will continue from day to day until completed.

     The deponent is further required to bring to the deposition the documents listed in the attached Schedule "A".

     You are invited to attend and cross examine.

**CERTIFICATE OF SERVICE**
I hereby certify that on this day a true copy
of the within document was served upon the
attorney of record for each party by mail/hand.

DATED:

DATED: October 13, 2005

DEFENDANTS,
By their Attorney,

Robert J. Murphy BBO# 363760
MURPHY & RILEY, P.C.
141 Tremont Street
Boston, MA 02111
(617) 423-3700

## SCHEDULE A

All documents of any form or description, including photographs, videos, and other tangible things which arise out of or relate in any way to any PIP or property damage claims made by claimant, **Catherine Watts, Social Security No. 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, date of birth: 5/18/72, Date of Loss 2/1/2005**.

**Please note that copies of the requested records may be provided in lieu of an appearance at the deposition noticed herein. If you have any questions or cannot comply with this subpoena, please contact Attorney Robert J. Murphy, 617-423-3700.**

# Exhibit C

The Commonwealth of Massachusetts William Francis Galvin ... Page 21 of 33 ... Page 1 of 2



# The Commonwealth of Massachusetts
## William Francis Galvin

Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512
Telephone: (617) 727-9640

---

**LIBERTY MUTUAL INSURANCE COMPANY** Summary Screen

Help with this form

| Request a Certificate |
| --- |

**The exact name of the Insurance:** LIBERTY MUTUAL INSURANCE COMPANY

**The name was changed from:** MASSACHUSETTS EMPLOYEES INSURA **on** 8/15/1917

**Entity Type:** Insurance

**Identification Number:** 041543470

**Date of Organization in Massachusetts:** 07/28/1911

**Current Fiscal Month / Day:** 12 / 31     **Previous Fiscal Month / Day:** 00 / 00

**The location of its principal office in Massachusetts:**
No. and Street: 175 BERKELEY ST.
City or Town: BOSTON     State: MA     Zip: 02116     Country: USA

**If the business entity is organized wholly to do business outside Massachusetts, the location of that office:**
No. and Street:
City or Town:     State:     Zip:     Country:

**The name and address of the Registered Agent:**
Name: C T CORPORATION SYSTEM
No. and Street: 101 FEDERAL STREET
City or Town: BOSTON     State: MA     Zip: 02110     Country: USA

**The officers and all of the directors of the corporation:**

| Title | Individual Name<br>First, Middle, Last, Suffix | Address (no PO Box)<br>Address, City or Town, State, Zip Code | Expiration<br>of Term |
| --- | --- | --- | --- |
| PRESIDENT | EDMUND F. KELLY | 315 WELLESLEY ST<br>WESTON, MA 02493 USA<br>175 BERKELEY STREET<br>BOSTON, MA 02117 USA | NA |
| TREASURER | ELLIOT J. WILLIAMS | 91 BROOKS STREET<br>MEDFORD, MA 02155 USA<br>175 BERKELEY STREET<br>BOSTON, MA 02117 USA | NA |

| CLERK | DEXTER R. LEGG | 846 MIDDLE STREET PORTSMOUTH, NH 03801 175 BERKELEY STREET BOSTON, MA 02117 | NA |
|---|---|---|---|
| DIRECTOR | JOHN B. CONNERS | 23 FLETCHER STREET FOXBORO, MA 02035 USA 175 BERKELEY STREET BOSTON, MA 02117 USA | NA |
| DIRECTOR | A. ALEXANDER FONTANES | 18 CLARK STREET HINGHAM, MA 02018 USA 175 BERKELEY STREET BOSTON, MA 02117 USA | NA |
| DIRECTOR | J. PAUL CONDRIN III | 8 PETTEE'S POND LANE WALPOLE , MA 02081 USA 175 BERKELEY STREET BOSTON, MA 02117 USA | NA |

___ Consent    ___ Manufacturer    ___ Confidential Data    **X** Does Not Require Annual Report

___ Partnership    ___ Resident Agent    **X** For Profit    ___ Merger Allowed

**Note: There is additional information located in the cardfile that is not available on the system.**

**Select a type of filing from below to view this business entity filings:**

ALL FILINGS
Annual Report
Application For Revival
Articles of Amendment
Articles of Consolidation - Foreign and Domestic

View Filings      New Search

**Comments**

© 2001 - 2006 Commonwealth of Massachusetts
All Rights Reserved

[?]
Help

# Exhibit D

# MURPHY & RILEY, P.C.

ATTORNEYS AND COUNSELLORS AT LAW
141 TREMONT STREET
BOSTON, MASSACHUSETTS
02111

TELEPHONE
(617) 423-3700

FACSIMILE
(617) 423-1010
(617) 423-3750

MurphyRiley.com

RICHARD J. RILEY
ROBERT J. MURPHY
SUSAN DONNELLY MURPHY
JOSEPH A. KING
JOHN P. COAKLEY
AMY R. RILEY
FRANK L. DePASQUALE
JOEL D. HILLYGUS
WILLIAM P. MEKRUT
MARNA M. RUSHER
BETHANY M. MACHACEK

WALTER G. MURPHY
(1925-2000)

January 11, 2006

Liberty Mutual
5050 Tingham St., Suite 200
Allentown, PA 18104

RE:    CATHERINE WATTS AND ROBERT WATTS
VS:    KELLY O. MARTIN AND WERNER ENTERPRISES, INC.
DATE OF LOSS: 2/1/05
C. A. NO. 05-30453-MAP
OUR FILE NO. 900/30622

Dear Sir/Madam:

Enclosed please find a dually executed, HIPAA Compliant Authorization to obtain all personal injury claim files and property damage claim files for claim number PD 179-005538451-01 an relating to claimant WATTS for **Katherine Watts, social security number 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, date of birth 5/18/72.**

We write to request that your produce all the aforementioned records to our office as soon as possible. If there is a fee for the reproduction of these records please advise us of same and we shall remit payment to you forthwith.

Your anticipated cooperation is greatly appreciated. If you have any questions or wish to discuss this further, do not hesitate in contacting the undersigned.

Very truly yours,

Frank L. DePasquale

FDL/ns

Case 3:05-cv-30153-MAP    Document 12    Filed 02/01/2006    Page 29 of 33

# Exhibit F

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS
SPRINGFIELD DISTRICT

| | | |
|---|---|---|
| CATHERINE WATTS AND | ) | |
| ROBERT WATTS, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO. 05-30153-MAP |
| | ) | |
| KELLY O. MARTIN AND | ) | |
| WERNER ENTERPRISES, | ) | |
|     Defendants. | ) | |

## ORDER FOR THE PRODUCTION OF RECORDS

It is hereby **ORDERED** that the person in charge of records at Liberty Mutual

Insurance Company, 114 Turnpike Road, Suite 204, Westborough, MA 01581, produce

copies of all documents of any form or description, including photographs, audio

recordings, videos, and other tangible things which arise out of or relate in any way to the

Personal Injury (PIP) and Property Damage claims made by claimant, **Catherine Watts**,

**Social Security No. 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, date of birth: 5/18/72, Date of Loss 2/1/2005**. The

records are to be produced to: Attorney Frank L. DePasquale, Murphy & Riley, P.C., 141

Tremont Street, Boston, MA 02111 within twenty (20) days of this Court order.

**BY THE COURT:**

_____

**Judge of the U.S. District Court for the
District of Massachusetts**

**DATED:**

**The** _____ **day of February 2006**

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS
SPRINGFIELD DISTRICT

| | |
|---|---|
| CATHERINE WATTS AND | ) |
| ROBERT WATTS, | ) |
|     Plaintiffs, | ) |
| | ) |
| V. | ) CIVIL ACTION NO. 05-30153-MAP |
| | ) |
| KELLY O. MARTIN AND | ) |
| WERNER ENTERPRISES, | ) |
|     Defendants. | ) |

## AFFIRMATION PURSUANT TO LOCAL RULE 37.1

COUNTY OF SUFFOLK

COMMONWEALTH OF MASSACHUSETTS

ss.

FRANK L. DePASQUALE, an attorney duly admitted to practice law in this Court and in the Commonwealth of Massachusetts affirms the following under the penalties of perjury:

1. I am an attorney with Murphy & Riley, P.C., attorneys of record for the Defendants herein.

2. Our office has been unsuccessful in obtaining the personal injury and property damage claim records maintained by Liberty Mutual Insurance Company for the claims made by Plaintiff Catherine Watts relating to the subject accident of February 1, 2005.

3. In October 2005, these records were subpoenaed from Liberty Mutual Insurance Company; however, said company did not respond.

4. In January 2006, the undersigned firm received a written authorization from Plaintiff Catherine Watts authorizing the release of the subject records from Liberty Mutual

Insurance Company. The original release was mailed to Liberty Mutual Insurance Company on January 11, 2006.

5.    On January 25, 2006, the undersigned spoke with counsel for Liberty Mutual Insurance Company via telephone regarding the request for production of the subject records. During this conversation, counsel advised that the subject records would not be produced despite production of a written authorization for their release from the Plaintiff herein. As ground for this refusal, counsel stated that Liberty Mutual had initiated a subrogation action against the Defendants herein, as well as for reasons set out in a correspondence that had been mailed to me.

6.    This correspondence was received by the undersigned on January 26, 2006, a copy of which is attached as an exhibit to this motion. In this letter, counsel sets out vague and contradictory reasons to justify the refusal to produce.

7.    On January 26, 2006, the undersigned telephoned counsel for Liberty Mutual Insurance Company, leaving a voice mail message requesting reconsideration of this refusal to produce. To date, the undersigned has not received a response from counsel to this message.

8.    Despite the efforts of the undersigned to obtain the records of Plaintiff Catherine Watts' personal injury and property damage claims for the subject accident, they have not been produced. In addition, the recent telephone conference with and correspondence from Liberty Mutual's counsel has made it clear that such records will not be produced.

9.    Accordingly, the undersigned respectfully moves for a Court Order compelling Liberty Mutual Insurance Company to produce the complete personal injury and property

damage claim records of Plaintiff Catherine Watts for her claims made regarding the

subject accident of February 1, 2005.

**SWORN TO AND SIGNED UNDER THE PENALTIES OF PERJURY**

**Frank L. DePasquale, BBO#659399**

**DATED:  The 1st day of February, 2006**

3

Case 3:05-cv-30153-MAP    Document 12    Filed 02/01/2006    Page 26 of 33

# Exhibit E

# BOLDEN & ASSOCIATES
## ATTORNEYS AT LAW

10 Federal Street, Suite 210 - Salem, Massachusetts - 01970

Bryan C. Bolden
Timothy W. Chopelas
Madelene Pretorius
Laurie B. McGhee*
Christopher S. M. Driscoll
Stefano J. Cornelio
Leo M. Spano
Joseph P. Bonfiglio

(978) 744-2162
Fax (978) 744-6705

Wendy R. Olinsky**
Of Counsel

January 25, 2006

*(Also admitted in N.Y.)
**(Also admitted in N.H.)

Frank L. DePasquale, Esq.
**Murphy & Riley, PC**
Attorneys At Law
141 Tremont Street
Boston, MA  02111

Dear Attorney DePasquale,

RE:  Liberty Mutual Insurance Company
     (As Subrogee of Catherine Fisher Watts)
     Vs. Werner Enterprises & Kelly O. Martin
     Date of Accident: February 1, 2005
     Location: Springfield, MA
     Salem District Court
     <u>Our File Number</u>:  005538451-01

As your firm has previously been advised, this firm has been
retained by the Liberty Mutual Insurance Company to represent it
with regard to its claims in subrogation arising out of the above
captioned motor vehicle accident.  I am writing to you in response
to the letter under date of January 11, 2006, that you sent to the
Subrogation Claim Office of our client in Allentown, PA.  In that
letter you state that you submit to them a duly executed HIPAA
Compliant Authorization to obtain all personal injury claim files
and property damage claim files of our client under Claim Number PD
179-005538451-01 and you ask that Liberty Mutual Insurance Company
produce for you "all of the aforementioned records".

Please be advised that our firm, on January 9, 2006, filed a
Civil Complaint in the Salem, MA District Court (a copy of which is
enclosed with this letter, along with a copy of the Statement of
Damages).  This suit was just entered, and we do not have a docket
number for the action as yet, service has not yet been made.

However, in response to the letter you sent to Liberty Mutual
Insurance Company seeking the personal injury claim files and
property damage claim files in connection with the claims made by
our client's Insureds, I write to inform you that in behalf of our
client, we would object to the request for "all personal injury
claim files and property damage claim files".

(2)

The reasons for our objection to the request as stated in your letter of January 11, 2006, are as follows:

1. The request is overly broad, and seeks discovery of documents and information that could be privileged.

2. The request seeks production of documents and information not reasonably calculated to lead to the discovery of admissible evidence.

3. The request seeks discovery of documents and information that would not be material or relevant to the claims being made by the Plaintiff or its Insureds.

4. The documents sought by way of your request should be obtained through proper discovery in the action in which Catherine Fisher Watts is the Plaintiff.

5. The documents sought by way of your request should be obtained through discovery in the action in which our client, Liberty Mutual Insurance Company, is Plaintiff.

Please call me to discuss this case when you have received this letter. Thank you for your attention to this matter.

Very truly yours
BOLDEN & ASSOCIATES,

Timothy W. Chopelas

TWC/mdh